UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MALCOLM SMITH,

    Plaintiff,

v.

WELLS FARGO BANK,
NATIONAL ASSOCIATION

    Defendant.
_____/

Case No: 1:24-cv-01821-LMM

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MALCOLM SMITH, sues Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant" or "Wells Fargo") for willful violations of 29 U.S.C. 201 *et seq*. of the Fair Labor Standards Act (the "FLSA"), for unlawfully terminating his employment in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, et seq., 29 CFR 825.100, and states as follows:

## INTRODUCTION

1. Defendant, WELLS FARGO BANK NATIONAL ASSOCIATION ("Defendant" or "Wells Fargo") has willfully FAILED to pay overtime wages to Plaintiff.

2.  Defendant operates "ATMs and banking branches across 36 states and Washington, D.C."[1]

3.  Plaintiff herein commences this legal action against Defendant for willful violations of the FLSA and related DOL regulations.

4.  Plaintiff was unlawfully not paid all overtime compensation for all hours worked over forty (40) in each and every workweek by a scheme and plan of Defendant to evade the overtime wage laws and save many millions of dollars in labor costs to the detriment and harm of Plaintiff.

5.  Plaintiff did not perform work that meets the definition of any exemption under the FLSA.

6.  The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 since this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

8.  This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

---

[1] https://www.wellsfargo.com/locator/search/ (viewed 4/23/24)

9. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the damages occurred within this district.

## Defendant

10. Defendant is a Foreign For Profit Corporation with its Principal Office located at 101 N. Phillips Ave., Sioux Falls, SD, 57104.

11. Defendant may be served through its Registered Agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

12. Defendant is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods, is involved in interstate commerce and has employed 2 or more employees at any given time during the preceding 3 years to the present day.

13. The overtime wage provisions set forth in FLSA §207 apply to Defendant, as it engages in interstate commerce. Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA § 203.

14. Thus, Defendant had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance and the failure to do so subjects it to the payment of liquidated damages and a three (3) year statute of limitations for FLSA violations.

## Plaintiff

15. Plaintiff MALCOLM SMITH is a citizen of and domiciled in Georgia.

16.  Plaintiff worked for Defendant from October 2012 to November 17, 2023.

17.  From approximately 2017 to November 2021, Plaintiff worked for Defendant at Defendant's branch bank located at 6389 Jonesboro Road, Morrow, Clayton County, GA under the title or position of Business Specialist.

18.  From approximately November 2021 to November 17, 2023, Plaintiff worked for Defendant at Defendant's branch located at, 6626 GA-85, Riverdale, GA 30274 Clayton County, GA. His title at one time or another was labeled as Personal Banker to Retail Banker to advocate.

## FLSA FACTUAL ALLEGATIONS

19.  Plaintiff last worked for Defendant under the title of Personal Banker and his job duties included, working portfolios, customer service, open business accounts, open loans, and performed Opening Procedures and Closing the Branch procedures.

20.  At all times, Defendant paid Plaintiff on an hourly pay basis and classified him as nonexempt under the FLSA.

21.  Before opening the bank for the day, Plaintiff was required to conduct surveillance and assessment of the bank. This meant that Plaintiff had to arrive between 7:45 to 7:55 every morning and first drive around the bank two times to ensure there were no signs of break in.

22.     Plaintiff was then next required to sit in his car and watch the bank front doors to make sure no one else entered.

23.     Plaintiff was required to remain in this surveillance position until a second employee arrived. Meanwhile, Plaintiff was instructed that he was not to use his smartphone during this time.

24.     Once a second employee arrived, Plaintiff and the second employee were then required to jointly enter the bank and perform the mandatory Wells Fargo "Opening Procedures", which included: a) turning the alarm off, b) walking through the branch to make sure no one was hiding inside, and c) to perform other safety checks.

25.     Only after the outside surveillance and the Opening Procedures were completed was Plaintiff allowed to clock in for the day.

26.     In other words, Defendant required Plaintiff to perform the outside surveillance and Opening Procedures off the clock, which was work time that was not compensated.

27.     The Branch Manager at the last Bank where Plaintiff worked instructed Plaintiff that he was not permitted to clock in until after the surveillance and Opening Procedures were completed and that this was Wells Fargo's policy.

28.     Within the last three years, Plaintiff worked at two different banks operated by Defendant, and at each location, Plaintiff was required to perform the same outside surveillance and Opening Procedures while off the clock.

29. From approximately December 2022 until June 15, 2023, Plaintiff was on an approved medical leave of absence to attend to his own serious health condition.

30. At the end of the workday, Plaintiff was also required to complete Closing the Branch procedures.

31. Throughout plaintiff's workweeks, he routinely suffered to work off the clock anywhere from 15 minutes to 30 minutes per day while off the clock, all of which were hours over 40 for most if not all workweeks.

32. There were also numerous days Plaintiff's Branch Manager ordered Plaintiff to clock out before Plaintiff completed the Branch Closing Procedures.

33. As commanded, Plaintiff suffered to work off the clock overtime hours completing the mandatory Closing the Branch Procedures as instructed by the Branch Manager.

34. At all times material, Plaintiff was an employee of Defendant during the term of his employment as contemplated by 29 U.S.C. § 203.

35. Plaintiff routinely worked more than forty (40) hours in workweeks throughout the term of his employment with Defendant and without being paid all overtime compensation due for all these overtime hours.

36. Plaintiff is entitled to unpaid overtime wages from Defendant for overtime work for which he did not receive all overtime compensation as required by the FLSA, plus an equal sum in liquidated damages.

37. Plaintiff was an hourly-paid branch bank employee who was classified as a non-exempt employee under the FLSA.

38. Defendant, throughout the relevant three (3) year period, willfully permitted Plaintiff to suffer to work off the clock while performing company mandated branch or location opening and closing procedures.

39. Plaintiff was to report his work hours by clocking in and out using a computer program.

40. Defendant knew that hourly-paid branch employees such as Plaintiff who were engaged in opening or closing procedures were routinely working off the clock, and working more than 40 hours during their workweeks.

41. Plaintiff was paid on an hourly basis and thus does not satisfy the elements of any exemptions within FLSA §213.

42. Plaintiff was covered under FLSA §207 during the term of his employment with Defendant.

43. Pursuant to FLSA §207, Defendant, as the employer of Plaintiff was and is required to pay overtime compensation for hours worked in excess of forty (40) hours per week.

44. Defendant did not throughout the relevant three (3) year period, properly clock, track, or record the actual working hours of Plaintiff.

## FMLA FACTUAL ALLEGATIONS

45. Defendant is at all times relevant hereto an "employer" as defined by the Family and Medical Leave Act (FMLA).

46. Defendant employed 50 or more persons within a 75 mile radius of the corporate office.

47. Plaintiff Smith was at all times an eligible employee as defined by the Family and Medical Leave Act.

48. From approximately December 2022 until June 15, 2023, Plaintiff was on an approved medical leave of absence to attend to his own serious health condition.

49. Plaintiff was provided short term disability wages through the Defendant's STD plan for this extended leave.

50. Defendant voluntarily agreed to extend the FMLA covered leave beyond the first 12 weeks, and up through his entire STD period of time.

51. Prior to his return to work, Plaintiff informed Defendant of his intended return to work date of June 15, 2023. Plaintiff then returned to work on June 15, 2023.

52. However, since the first day of his return from this leave of absence and for a period of 2 months thereafter, Plaintiff's access to all of Defendant's computer systems was disabled.

53. Defendant thus began a campaign of retaliatory actions against Plaintiff for taking protected FMLA leave.

54. Plaintiff was effectively prevented from performing his required job duties and responsibilities and was further prevented from completing mandatory compliance training classes.

55. Defendant's actions in willfully hindering Plaintiff from accessing necessary and required computer systems put Plaintiff in jeopardy of not meeting performance expectations.

56. Plaintiff suspected that Defendant was willfully prohibiting him from accessing the company computer systems as a means to justify terminating his employment and in retaliation for him taking FMLA protected leave.

57. Over Plaintiff's nearly eleven years of employment with Defendant, he witnessed as related to other employees on leave of absences that such employee's access to all required computer systems were ready upon the employee's return, or required at most a three day period to have the access to the systems returned.

58. Shortly after Plaintiff returned to work, Defendant increased the retaliatory conduct by falsely accusing Plaintiff of falsifying documents for an event that allegedly happened on or about July 1 or 2, 2023. Defendant first informed Plaintiff of this on or about August 28, 2023.

59. On October 18, 2023, Wells Fargo Enterprise Internal Investigations informed Plaintiff that it had conducted an investigation of the falsifying documents allegation that was made against him, and that the company concluded, and thus

admitted, that in fact Plaintiff had not committed any wrongdoing and did not falsify any documents.

60. Wells Fargo Enterprise Internal Investigations also informed Plaintiff that even if Plaintiff had committed this offense, the most severe form of punishment in this situation was normally a coaching, which is not a write up, let alone termination.

61. On or about November 13, 2023, Plaintiff requested intermittent FMLA leave to attend to his own serious health condition that would require surgery in the near future.

62. On November 17, 2023, Defendant terminated Plaintiff's employment alleging that Plaintiff had falsified documents.

63. This was the same allegation that was previously made against Plaintiff and which Wells Fargo Enterprise Internal Investigations had investigated and cleared Plaintiff of as of October 18, 2023.

64. At the moment Defendant terminated Plaintiff's employment, it was aware from communications from Plaintiff that Plaintiff would be eligible to and may take FMLA leave in the near future for an FMLA protected event.

65. Plaintiff reserves the right to plead in the alternative.

## COUNT I
## VIOLATIONS OF FLSA §207: FAILURE TO PAY OVERTIME WAGES

66. Plaintiff alleges and incorporates by reference paragraphs 1-44 of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

67. Defendant willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff the required overtime wages for all hours worked.

68. Plaintiff routinely worked more than 40 hours during his workweeks, and without being paid all overtime compensation for the overtime hours incurred while performing opening or closing procedures, or both.

69. Defendant knew that Plaintiff, who was responsible for opening and/or closing procedures routinely worked more than 40 hours and was willfully instructed against clocking in or reporting all these necessary and mandated work hours which were preliminary and postliminary activities performed before or after clocking in or out.

70. Defendant had a duty and obligation under the FLSA, and as per CFR part 516, to contemporaneously track and record all work hours of non-exempt employees, including Plaintiff.

71. As Defendant failed to accurately track, record, or report the actual hours worked, Plaintiff can meet his burden here by estimating his work hours as per the U.S. Supreme Court decision, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

72. Defendant's conduct of preventing or not allowing Plaintiff to accurately track, record, or report all hours actually worked is a willful violation of Section 207 of the FLSA, and further lacks any good faith basis under the FLSA.

73. Defendant willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff all overtime compensation or overtime wages for all hours worked in excess of (40) hours in one or more work weeks as mandated by FLSA §207.

74. Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff is entitled to be paid an equal sum in overtime wages owed at rates of one and one-half times his regular rate of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

75. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

76. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

77. As per the FLSA, Defendant has the burden to prove Plaintiff was not entitled to overtime pay during the preceding 3 years because of some exemption and Plaintiff is not required to prove he is legally entitled to these wages.

78. Further, since Defendant did not accurately track and record the work hours of the Plaintiff, the burden shifts to Defendant to prove the precise hours

worked by the Plaintiff, or the Court or jury can award wages based upon the estimates of the Plaintiff.

79. As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff a was deprived of overtime compensation in amounts to be determined at trial; and is entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

### COUNT II
### WILLFUL INTERFERENCE IN VIOLATION OF THE
### FAMILY AND MEDICAL LEAVE ACT
### 29 USC SECTION 2615 AND 29 CFR § 825.220

80. Plaintiff repeats each and every allegation of paragraphs 1-18 and 45-65 as if fully set forth herein at length.

81. Pursuant to 29 U.S.C. §2612, The Family Medical Leave Act, an eligible employee shall be entitled to a total of 12 workweeks of leave in order to care for the employee's own serious health condition.

82. An eligible employee is defined in the statute as "an employee who has been employed…for at least 12 months by the employer" and who has at least 1250 hours of service with such employer during the previous 12-month period" 29 U.S.C. § 2611(2)(A).

83. Under 29 U.S.C. §2615, it is unlawful for an employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any rights provided under the FMLA. See also 29 CFR section 825.220.

84. Defendant maintains and distributes an FMLA policy for their employees and allows eligible employees to use FMLA leave for qualifying events.

85. Defendant was at all times relevant hereto was an employer as defined by the Family and Medical Leave Act.

86. Plaintiff was at all times relevant hereto an eligible employee as defined by the Family and Medical Leave Act.

87. Plaintiff is protected under the FMLA, which makes it unlawful for an employer to interfere with and or retaliate against employees for exercising their rights under the FMLA.

88. Defendant interfered with Plaintiff's rights by failing to provide Plaintiff with protection and leave under the Family and Medical Leave Act, 29 U.S.C. §2611 et seq.

89. Plaintiff had a right to continue with his employment in the same or similar position, but instead, Defendant fired Plaintiff offering him no other options.

90. Defendant terminated Plaintiff's employment on November 17, 2023, only about four days after Plaintiff first requested from his supervisor to take time off from work to care for his own serious health condition.

91. The FMLA's "interference" provisions make it unlawful for any employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided by the FMLA.

92. There is no proof or discussion of intent necessary in finding an employer liable. Instead, courts have held that an employer's motive plays no role in a claim for substantive denial of benefits.

93. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights in violation under 29 U.S.C. §2612.

94. The Family Medical Leave Act protects employees from termination of their employment while missing time from work due to protected covered leave and requires an Employer to reinstate the employee in the same or similar position.

95. As a result of the Defendant's aforementioned actions, it has violated 29 U.S.C. §2615 and the FMLA.

96. As a direct, proximate, and foreseeable result of Defendant's and its agents' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment, and other non-pecuniary losses and intangible injuries.

97. The acts complained of were extreme and outrageous and were engaged in with malice and/or reckless indifference to Plaintiff's well-being, thereby entitling him to liquidated damages.

98. The actions of Defendant make reinstatement ineffective as a make-whole remedy, thus entitling Plaintiff to front pay in lieu of reinstatement.

## COUNT III
## RETALIATION IN VIOLATION OF THE
## FMLA 29 USC SECTION 2615 and 29 CFR § 825.220

99. Plaintiff repeats each and every allegation of paragraphs 1-18 and 45-65 as if fully set forth herein at length.

100. Plaintiff engaged in protected activity when he sought time off in order to care for his own serious health condition and when he took a leave of absence from work from December 2022 to June 2023, up to 12 weeks of which would have been protected FMLA leave.

101. Defendant terminated Plaintiff's employment under false pretenses, an action which was a pretext for unlawful retaliation against Plaintiff for seeking FMLA protected leave.

102. Defendant did not have a legitimate business reason for terminating Plaintiff.

103. As a direct and proximate result of Plaintiff requesting a leave of absence that would be protected under the FMLA, Defendant terminated Plaintiff's employment.

104. As a direct and proximate result of Plaintiff taking leave from work, Defendant imposed a heightened level of scrutiny upon Plaintiff in search of a reason to terminate Plaintiff and which led Defendant to accuse Plaintiff of falsifying documents, a charge which Defendant's own Internal Investigations unit determined was false.

105. As a direct and proximate result of Plaintiff taking leave from work, Defendant restricted Plaintiff's access to computer systems which prevented Plaintiff from completing mandatory training which in turn put his employment at risk.

106. Despite Plaintiff informing Defendant in advance of the date he would return to work, Plaintiff's access to this computer system was disabled for about two months after Plaintiff returned to work in June 2023.

107. Defendant imposed a heightened level of scrutiny upon Plaintiff in search of a reason to terminate Plaintiff and which led Defendant to accuse Plaintiff of falsifying documents, a charge which Defendant's own Internal Investigations unit determined was false.

108. Defendant was prohibited by the FMLA from retaliating against the Plaintiff and terminating his employment because he sought FMLA protections. See FMLA 29 USC Section 2615 and 29 CFR § 825.220.

109. Plaintiff has suffered loss of wages, pain and suffering, humiliation, and mental anguish as well as other consequential damages.

**WHEREFORE, Plaintiff MALCOLM SMITH, seeks the following relief for Count I:**

    a. **That the Court find and declare Defendant's violations of the FLSA overtime laws were and are willful and lacking a good faith basis for complying with the state and federal overtime laws;**

    b. **That the Court award to Plaintiff SMITH, overtime compensation at the lawful and applicable overtime and premium rates of pay, including the value of all compensation earned for bonuses/commission, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;**

    c. **That the Court award Plaintiff SMITH recovery of his reasonable attorneys' fees, costs, and expenses of litigation pursuant to FLSA § 216;**

    d. **That the Court apply a three (3) year statute of limitations to the FLSA claim; and**

    e. **That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.**

**WHEREFORE,** Plaintiff MALCOLM SMITH, seeks the following relief on his FMLA CLAIMS, Counts II and III:

a. That damages be assessed against Defendant for compensatory and emotional stress suffered as a result of the unlawful acts;

b. That the Court award Plaintiff Prejudgment interest, back pay and front pay in lieu of reinstatement, or, alternatively that Defendant be ordered to reinstate Plaintiff, plus provide his all damages available under the FMLA, including back pay and compensatory damages.

c. That the Court award all damages as set forth in 29 U.S.C. § 2617, including past and future loss of wages, salary, and the value of employment benefits, and an equal sum of all damages awarded as liquidated damages.

d. That Defendant be ordered to pay to Plaintiff all reasonable attorney's fees plus costs of suit as per 29 USC 2617, and prejudgment interest; and

e. That the Court grant Plaintiff such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts and questions of fact raised by this Complaint.

Respectfully submitted June 27, 2024.

        */s/Mitchell L. Feldman*
        **Mitchell L. Feldman, Esq**
        Georgia Bar No.: 257791
        FELDMAN LEGAL GROUP
        12610 Race Track Road, Suite 225
        Tampa, FL 33626
        Tele: (813) 639-9366
        Fax: (813) 639-9376
        mfeldman@flandgatrialattorneys.com
        *Lead Counsel for Plaintiff*